# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| ANDREW APPLEWHAITE, | : | | |
|---|---|---|---|
| Plaintiff, | : | Civil Action No.: | 09-2195 (RMU) |
| v. | : | Re Document No.: | 6 |
| MATTHEW SHINTON *et al.*, | : | | |
| Defendants. | : | | |

# MEMORANDUM OPINION

SUBSTITUTING THE UNITED STATES IN THE PLACE OF THE FEDERAL DEFENDANTS;
GRANTING THE FEDERAL DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

The *pro se* plaintiff, an individual convicted of a misdemeanor in the Superior Court of the District of Columbia, commenced this action alleging misconduct on the part of investigators, prosecutors and witnesses allegedly responsible for his arrest and conviction. Defendants Erin Walsh, Gail Bolsover and Alan Boyd ("the federal defendants") have moved to dismiss all of the claims against them. As a threshold matter, they assert that the United States should be substituted in their place as the sole federal defendant pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("the Westfall Act"), 28 U.S.C. § 2679. Moreover, they assert that the plaintiff's claims against them must be dismissed because the plaintiff has not alleged that he presented his claims to the appropriate agency prior to filing suit, as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). The federal defendants also argue that the plaintiff's claims against them are not actionable under the FTCA and must therefore be dismissed. For the reasons discussed below, the court substitutes the

United States as the sole federal defendant and dismisses without prejudice the plaintiff's claims against the federal defendants.

## II. FACTUAL & PROCEDURAL BACKGROUND

On August 25, 2009, the plaintiff was convicted of a misdemeanor in the D.C. Superior Court for writing a threatening letter to the Mayor of the District of Columbia. *See* Fed. Defs.' Mot. at 1 & Ex. 2.[1] The plaintiff was sentenced to forty-five days of imprisonment, with execution of the sentence suspended, and one year of supervised release. Fed. Defs.' Mot. at 1 & Ex. 2.

On October 15, 2009, the plaintiff filed a complaint in the Small Claims Branch of the D.C. Superior Court against the following defendants: Matthew Shinton, a detective with the D.C. Metropolitan Police Department who allegedly arrested the defendant; Luann Winson, an Assistant Manager with the D.C. Housing Authority; and Erin Walsh, the Assistant United States Attorney ("AUSA") who prosecuted the plaintiff's misdemeanor case. *See* Fed. Defs.' Mot., Ex. 3. Although the complaint alleged misconduct by Shinton and Winston, it contained no allegations whatsoever regarding AUSA Walsh. *See id.*

On October 19, 2009, the plaintiff amended his complaint, adding as defendants U.S. Postal Inspection Service Analyst Gail Bolsover and AUSA Alan Boyd, both of whom had assisted in the investigation and misdemeanor prosecution of the plaintiff. Fed. Defs.' Mot. at 2 & Ex. 4. The allegations set forth in the amended complaint were identical to the allegations in

---

[1] Because the plaintiff's terse complaint and brief opposition provide almost no information regarding the facts underlying the case, *see generally* Fed. Defs.' Mot., Ex. 5; Pl.'s Opp'n, the court relies on the defendants' motion to dismiss for the necessary factual and procedural background.

the initial complaint and contained no assertions whatsoever regarding AUSA Walsh, Inspector Bolsover or AUSA Boyd. *See* Fed. Defs.' Mot., Ex. 4.

On November 6, 2009, the plaintiff filed yet another amended complaint. Fed. Defs.' Mot., Ex. 5. Beyond adding supplemental address information for the defendants, this second amended complaint was substantively identical to the earlier complaints. *See id.* Like the first amended complaint, the second amended complaint also contained no allegations regarding the federal defendants.

The federal defendants removed the small claims action to this court on November 19, 2009. *See generally* Notice of Removal. On January 6, 2010, the federal defendants filed this motion to dismiss. *See generally* Fed. Defs.' Mot. to Dismiss. They argue first that the United States should be substituted in their place as the defendant in this action pursuant to the Westfall Act because they were acting within the scope of their employment at the time of the incidents alleged in the complaint. *See generally id.* Moreover, the federal defendants contend that all of the plaintiff's claims against them must be dismissed because the plaintiff has failed to allege that he presented his claims to the appropriate administrative agency prior to commencing suit, as required under the FTCA. *See generally id.* Finally, the federal defendants contend that the plaintiff has failed to state a cognizable claim against them.[2] *See generally id.* With the motion ripe for adjudication, the court turns to the applicable legal standards and the parties' arguments.

---

[2] Because, as discussed below, the court dismisses the plaintiff's claims against the federal defendants based on his failure to plead exhaustion of his administrative remedies, the court need not reach this latter argument.

3

## III. ANALYSIS

### A. The Court Substitutes the United States for the Federal Defendants

As an initial matter, the federal defendants contend that the United States should be substituted as the exclusive federal defendant pursuant to the Westfall Act. Fed. Defs.' Mot. at 5-7. The plaintiff does not address this argument in his opposition. *See generally* Pl.s' Opp'n.

The Westfall Act confers immunity on federal employees "by making an FTCA action against the Government the exclusive remedy for torts committed by Government employees in the scope of their employment." *United States v. Smith*, 499 U.S. 160, 163 (1991); 28 U.S.C. § 2679(b)(1). The statute provides that

> [u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1).

In a case in which the Attorney General, or by designation the United States Attorney in the district where the claim is brought, files a certification that the original defendant was acting within the scope of his employment, such certification has the following consequences: (1) if the suit originated in state court, then the Attorney General or his designee is required to remove it to federal court; (2) the United States shall be substituted as the sole defendant; and (3) if the plaintiff has not brought suit pursuant to the FTCA, the suit converts to one against the United States under the FTCA. 28 U.S.C. § 2679(d)(2); 28 C.F.R. § 15.3(a) (2002); *Haddon v. United States*, 68 F.3d 1420, 1423 (D.C. Cir. 1995), *abrogated on other grounds by Osborn v. Haley*, 549 U.S. 225 (2007).

In this case, the federal defendants have submitted a certification from Rudolph Contreras, Chief of the Civil Division of the United States Attorney's Office for the District of Columbia, in which he certifies that AUSA Walsh, AUSA Boyd and Inspector Bolsover were each acting within the scope of their employment with the federal government at the time of the incidents alleged in the complaint. *See* Defs.' Mot., Ex. 1. The plaintiff has offered nothing to challenge that certification. *See generally* Pl.'s Opp'n. Accordingly, the court substitutes the United States for the individual federal defendants.[3]

## B. The Court Dismisses the Claims Asserted Against the Federal Defendants

The federal defendants further contend that the claims asserted against them (and now, following substitution, against the United States) must be dismissed because the plaintiff has failed to allege that he presented his claims to the appropriate federal agency before filing suit, as required by the FTCA. *See* Fed. Defs.' Mot. at 7-9. The plaintiff does not dispute that he failed to exhaust his administrative remedies before filing suit, though he does suggest that the FTCA should not be used to "protect [the] wil[l]ful negligence of federal employees acting fraudulently within the scope of their duties." Pl.'s Opp'n at 1.

The FTCA "grants federal district courts jurisdiction over claims arising from certain torts committed by federal employees in the scope of their employment, and waives the government's sovereign immunity from such claims." *Sloan v. Dep't of Housing & Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001) (citing 28 U.S.C. §§ 1346(b) & 2674). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993) (upholding the district court's dismissal of an unexhausted FTCA claim for lack of jurisdiction); *accord Grant v. Sec'y, U.S.*

---

[3] Although the plaintiff suggests in his opposition that this case was improperly removed, *see* Pl.'s Opp'n at 2, the Contreras certification is conclusive for purposes of removal. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 432 (1995) (citing 28 U.s.C. § 2679(d)).

5

*Dep't of Veterans Affairs*, 2004 WL 287125, at *1 (D.C. Cir. Feb. 4, 2004). Under the FTCA, exhaustion occurs once a claimant has presented the appropriate federal agency with a claim describing the alleged injury with particularity and setting forth a "sum certain" of damages, and the agency has (1) denied the claim in writing or (2) failed to provide a final disposition within six months of the claim's filing. 28 U.S.C. § 2675(a); *Grant*, 2004 WL 287125, at *1.

None of the plaintiff's three complaints contains any indication that the plaintiff submitted his claim to any federal agency before commencing this action. *See* Fed. Def.'s Mot., Exs. 1-3. Nor does the plaintiff assert in his opposition to the federal defendants' motion that he exhausted his administrative remedies prior to filing suit. *See generally* Pl.'s Opp'n. Although the plaintiff contends that it would be unjust for the federal defendants to avoid liability on procedural grounds, the exhaustion requirement set forth in the FTCA is not a useful formality, but serves an important purpose by "allow[ing] the agency to investigate and assess the strength of the claim [and] make an informed decision whether to attempt settlement negotiations." *Grant*, 2004 WL 287125, at *1 (citing *GAF Corp. v. United States*, 818 F.2d 901, 919-20 (D.C. Cir. 1987)) (rejecting the plaintiff's argument that "legal technicalities" should not be used to dismiss the action of a pro se litigant).

Accordingly, the court grants the federal defendants' motion to dismiss the plaintiff's claims against them based on the plaintiff's failure to plead exhaustion of his administrative remedies, and dismisses without prejudice all claims asserted against the federal defendants. *See Johnson v. Allen*, 2005 WL 607911, at *2 (D.D.C. Mar. 14, 2005) (dismissing the plaintiff's FTCA claim without prejudice based on the plaintiff's failure to exhaust his administrative remedies).

## IV.  CONCLUSION

For the foregoing reason, the court grants the federal defendants' motion to dismiss, substitutes the United States as the sole federal defendant in this matter and dismisses without prejudice the plaintiffs' claims against the federal defendants.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 5th day of August, 2010.

                                                                RICARDO M. URBINA
                                                                United States District Judge