UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW APPLEWHAITE,<br><br>   Plaintiff,<br><br>   v.<br><br>MATTHEW SHINTON, *et al.*,<br><br>   Defendant. | Civil Action No. 09-2195 (CKK) |

MEMORANDUM OPINION
(May 15, 2012)

Plaintiff Andrew Applewhaite, proceeding *pro se*, originally filed suit in the Small Claims and Conciliation branch of the Civil Division for the Superior Court of the District of Columbia, alleging he was falsely arrested for threatening then District of Columbia Mayor Adrian Fenty. Over the course of three complaints, Plaintiff named Matthew Shinton, Luann Winston, Erin Walsh, Gail Bolsover, and Alan Boyd as Defendants. This Court subsequently dismissed the claims without prejudice as to Defendants Walsh, Bolsover, and Boyd. Presently before the Court is Defendant Shinton's [15] Motion to Dismiss, or in the Alternative, for Summary Judgment and [20] Motion for Leave to File a Reply, *Nunc Pro Tunc* ("Def.'s Mot. for Leave"). Defendant's motion to dismiss is now fully briefed and ripe for adjudication. Plaintiff did not consent to Defendant's motion for leave to file, but did not file an opposition. Def.'s Local Rule 7(m) Certif., ECF No. [21-2]. For the reasons stated below, Defendant's [20] Motion for Leave to File a Reply, *Nunc Pro Tunc* is denied and Defendant's [15] Motion to Dismiss, or in the Alternative, for Summary Judgment is GRANTED. The Complaint is DISMISSED WITH PREJUDICE as to Defendants Shinton and Winston.

## I. BACKGROUND

During the summer of 2009, Plaintiff was arrested and charged with threatening now-former District of Columbia Mayor Adrien M. Fenty. Fed. Defs.' Mot. to Dismiss Ex. 3 (Compl.) at 1. On August 25, 2009, Plaintiff was found guilty on one count of misdemeanor attempted threats to do bodily harm, and sentenced to 45 days imprisonment and one year of probation. *United States v. Applewhaite*, No. 2009 CMD 014017, Sentence (D.C. Sup. Ct. Aug. 25, 2009). Superior Court Judge Anthony C. Epstein suspended Plaintiff's term of imprisonment, and barred Plaintiff from having any contact with Mr. Demound Lewis and Ms. Luann Winston. *Id.* The District of Columbia Court of Appeals upheld Plaintiff's conviction upon direct appeal, and Judge Epstein rejected Plaintiff's request for a reduction of his sentence. *Id.* at Appeal Affirmed (D.C. Sup. Ct. May 11, 2010); *id.* at Order (D.C. Sup. Ct. June 16, 2010).

Plaintiff initially filed suit on October 15, 2009, alleging District of Columbia Metropolitan Police Department Detective Matthew Shinton falsely arrested Plaintiff in June of 2009 for writing a threatening letter to Mayor Fenty. Compl. at 1. Defendant further alleged that Luann Winston, an Assistant Manager with the District of Columbia Housing Authority, falsely identified the handwriting in the letter as belonging to Plaintiff. *Id.* The Complaint named Detective Shinton, Luann Winston, and Erin Walsh of the United States Attorney's Office, as defendants. *Id.* Four days later, Plaintiff filed an amended complaint including identical factual allegations, but adding Alan Boyd of the United States Attorney's Office and Gail Bolsover, an United States Postal Inspection Service Analyst, as defendants. Fed. Defs.' Mot. to Dismiss Ex. 4 (First Am. Compl.) at 1. On November 6, 2009, Plaintiff filed the operative complaint, adding the allegation that Luann Winston "saw [Plaintiff] do nothing." Fed. Defs.' Mot. to Dismiss Ex. 5 (Second Am. Compl.) at 1. Defendants Walsh, Boyd, and

Bolsover (collectively the "Federal Defendants") removed the case to this Court, and moved to substitute the United States as the sole Federal Defendant pursuant to 28 U.S.C. § 2679(d)(1). Notice of Removal, ECF No. [1], at ¶ 3.

Upon removal, the Federal Defendants moved to dismiss Plaintiff's Second Amended Complaint, alleging Plaintiff failed to present his claim to the relevant federal agency as required by the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The Court (per Judge Ricardo M. Urbina) substituted the United States as the sole Federal Defendant and granted the motion, dismissing Plaintiff's claim as to the United States without prejudice. 8/5/2010 Order, ECF No. [8]. Detective Shinton subsequently moved to dismiss the complaint.

## II. LEGAL STANDARD

*A.     Federal Rule of Civil Procedure 12(b)(5)*

Pursuant to Federal Rule of Civil Procedure 4(e), the plaintiff may serve an individual defendant within a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)-(2). The plaintiff must submit proof of service, in the form of an affidavit, to the Court within 120 days of filing the complaint. Fed. R. Civ. P. 4(l), (m). If the plaintiff fails to file the requisite proof of service with the Court, the Court "must dismiss the

action without prejudice against that defendant or order that service be made within a specified time," unless the plaintiff shows good cause for the omission, in which case "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

   B.  *Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides that a party may challenge the sufficiency of a complaint on the grounds it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss for failure to state a claim, the district court must accept as true the well-pleaded factual allegations contained in the complaint. *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), *cert. denied*, 130 S. Ct. 2064 (2010). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Additionally, in deciding a Rule 12(b)(6) motion, a court may consider "'the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint,'" *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (quoting *Gustave–Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002)), or "'documents upon which the plaintiff's complaint necessarily relies' even if the document is produced not by [the parties]," *id.* (quoting *Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009)).

### III.  DISCUSSION

One brief issue warrants the Court's attention before reaching the merits of Defendant's motion.  Defendant moves for leave to file his reply brief out of time.  Def.'s Mot. for Leave at 1. Defendant filed the motion, accompanied by his proposed reply, on March 14, 2012, fifty-six days after Plaintiff's Opposition was filed and forty-four days after the reply was due.  *See* Local Civ. R. 7(d); Fed. R. Civ. P. 6(a)(1)(C), (d).  Defendant does not even attempt to show good cause for his failure to timely file a reply, therefore, Defendant's motion for leave is denied.  In any case, Defendant's proposed reply brief merely repeats arguments provided in the motion to dismiss, and would ultimately have no bearing on the Court's decision.

Defendant moves to dismiss Plaintiff's Second Amended Complaint for three reasons: (1) Plaintiff failed to properly serve Detective Shinton; (2) Plaintiff's Second Amended Complaint fails to state a claim for false arrest; and (3) Plaintiff's claim is barred as a matter of law in light of Plaintiff's conviction.  The Court finds that even if Plaintiff properly served the remaining Defendants, the Second Amended Complaint fails to state a claim in light of Plaintiff's conviction.

*A.     Service of Process*

The time frame for Plaintiff to serve the Second Amended Complaint has long since elapsed.  *See supra*, at Section III.A.  However, neither party attached the proof of service for Detective Shinton filed by Plaintiff with the Superior Court.  Therefore, the Court cannot evaluate Defendant's claims as to the sufficiency of the proof of service.  Even if the Court were to find Plaintiff's proof of service inadequate or that Plaintiff otherwise failed to successfully serve Detective Shinton, the Court would still reach Defendant's argument under Rule 12(b)(6) and dismiss the Complaint.  Normally, once the Court determines service of process has not been

properly accomplished, the Court would not proceed to evaluate the other grounds for dismissing the Complaint as to the Defendants not properly before the Court. *Simpkins v. District of Columbia*, 108 F.3d 366, 370 (D.C. Cir. 1997). However, where the Plaintiff has had a full and fair opportunity to contest the other grounds for dismissal, the Court has the power to dispose of the case on the merits. *Id.* For the same reason, even though Defendant Winston has not yet made an appearance in this case, the Court will dismiss the claim against Defendant Winston for the reasons stated below. *See id.*

### B. Failure to State a Claim

Defendant further contends the Plaintiff's claim is barred by the fact Plaintiff was in fact convicted of the offense for which he was arrested. Def.'s Ex. 1 (Judgment in Criminal Case 2009 CMD 14017). "[A] suit for false arrest may not normally be maintained if the arrest was followed by a conviction, regardless of the validity of the arrest at the time it was made." *Menard v. Mitchell*, 430 F.2d 486, 491 n.26 (D.C. Cir. 1970). Whether styled as a common law or constitutional false arrest claim, the claim must be dismissed due to Plaintiff's "subsequent conviction on the charges on which [he] was arrested." *McClam v. Barry*, 697 F.2d 366, 370 (D.C. Cir. 1983), *rev'd on other grounds*, *Brown v. United States*, 742 F.2d 1498 (D.C. Cir. 1984). Unless and until Plaintiff demonstrates his conviction has been overturned, Plaintiff cannot state a claim for false arrest. *See Heck v. Humphrey*, 512 U.S. 477, 484-85 (1994).

Plaintiff raises three types of arguments in response to Defendant's motion: (1) procedural complaints regarding this civil action; (2) objections to Defendant Shinton's and Defendant Winston's conduct during the underlying prosecution; and (3) other objections to the underlying prosecution. None of these arguments are persuasive. First, Plaintiff argues he did not receive adequate notice of Defendant's motion, and moves to compel arbitration of his

claims. Pl.'s Opp'n at 2. The Court presumes Plaintiff takes issue with the fact Defendant served Plaintiff with a copy of the instant motion at 1845 Harvard Street, Northwest, Apartment *913* as opposed to Apartment *919*. *Cf.* Def.'s Mot. at 16 *with* Pl.'s Opp'n at 4. The Court notes Plaintiff himself listed Apartment 913 as the appropriate unit number on the first two of his complaints. Compl. at 1; First Am. Compl. at 1. However, the record indicates Plaintiff received actual notice of the motion, as evidenced by his Opposition, filed one week after Defendant filed his motion and served a copy on the Plaintiff at his prior address. Defendant's use of Plaintiff's prior address is not a basis for denying the motion. In terms of Plaintiff's request for arbitration, absent some agreement between the parties to submit the dispute to arbitration, the Court cannot compel the Defendants to arbitrate Plaintiff's claim.[1]

    Second, Plaintiff takes issue with Detective Shinton's and Defendant Winston's conduct during the criminal investigation, alleging (1) Detective Shinton and Defendant Winston lacked sufficient evidence to "ascertain that plaintiff was the writer of the threatening note"; and (2) Detective Shinton refused to administer a polygraph test to the Plaintiff. Pl.'s Opp'n at 1, 3. Relatedly, Plaintiff's third set of arguments attack the conduct of others involved in his prosecution, including (1) the United States Attorney's Office for failing to corroborate the opinion of the handwriting expert; (2) the Government generally for failing to meet their burden of proof at trial; and (3) Superior Court Judge Epstein for failing to allow Plaintiff to recall

---

[1] In a letter submitted to the Court on May 1, 2012, Plaintiff also requested that the Court order the parties to participate in mediation. 5/1/12 Pl.'s Ltr to the Ct., ECF No. [22], at 1. The Court may require the parties to participate in mediation in certain situations. *See* Local Civ. R. 84.4(a)(2). In this case however, in light of the resolution of Plaintiff's claim, mediation would be inappropriate.

certain witnesses during trial.[2]  Pl.'s Opp'n at 2-3.  Here, The District of Columbia Court of Appeals upheld Plaintiff's conviction on appeal on May 11, 2010.  *United States v. Applewhaite*, Appeal Affirmed (D.C. Sup. Ct. May 11, 2010).  Since being upheld on direct appeal by the relevant court, Plaintiff's current attempt to overturn his conviction is a "collateral attack," which can only be brought in Superior Court under D.C. Code § 23-110.  *E.g., Corley v. U.S. Parole Comm'n*, 709 F. Supp. 2d 1, 5 (D.D.C. 2009).  This Court is not the proper forum to consider Plaintiff's allegations regarding his arrest and conviction, and until Plaintiff succeeds in overturning his conviction, this Court cannot evaluate Plaintiff's false arrest claim.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Second Amended Complaint must be dismissed.  Defendant Shinton failed to state any cause, much less good cause, for failing to timely file his Reply in support of his motion, therefore Defendant's [20] Motion for Leave to File a Reply, *Nunc Pro Tunc* is DENIED.  The Court lacks a sufficient record to determine whether or not Plaintiff successfully served Defendant Shinton with process.  However, because Plaintiff's conviction has yet to be invalidated, Plaintiff cannot state a claim for false arrest.  Accordingly, Defendant's [15] Motion to Dismiss, or in the Alternative, for Summary Judgment is GRANTED as to Defendants Shinton and Winston.

An appropriate Order accompanies this Memorandum Opinion.

 _/s/_
 **COLLEEN KOLLAR-KOTELLY**
 UNITED STATES DISTRICT JUDGE

---

[2]  To the extent Plaintiff's Second Amended Complaint can be construed to allege wrongful conviction, Plaintiff's conviction would still preclude Plaintiff from pursuing the claim.  *Roum v. Fenty*, 697 F. Supp. 2d 39, 44 (D.D.C. 2010).