UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW APPLEWHAITE,<br><br>    Plaintiff,<br><br>       v.<br><br>MATTHEW SHINTON, *et al.*,<br><br>    Defendant. | Civil Action No. 09-2195 (CKK) |

MEMORANDUM OPINION
(October 10, 2012)

Plaintiff Andrew Applewhaite, proceeding *pro se*, filed suit alleging he was falsely arrested for threatening then District of Columbia Mayor Adrian Fenty. The Plaintiff was ultimately convicted in the Superior Court for the District of Columbia of one count of misdemeanor attempted threats to do bodily harm, which was upheld by the District of Columbia Court of Appeals upon direct appeal. 5/15/2012 Mem. Opin., ECF No. [24], at 2. On May 15, 2012, the Court dismissed Plaintiff's common law false arrest claim as to all remaining Defendants for failure to state a claim. *Id.* at 8. Presently before the Court are Plaintiff's [25] Motion for Reconsideration and [27] Motion to Reopen Case. The Court construes Plaintiff's motions as motions to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Such motions are "disfavored," and the Plaintiff bears the burden of showing "extraordinary circumstances" warranting relief from final judgment. *Shoenman v. FBI*, —F. Supp. 2d—, 2012 WL 1475983, at *2 (D.D.C. April 30, 2012).

Plaintiff's motions essentially repeat many of the factual allegations in his earlier pleadings, alleging misconduct by participants in Plaintiff's underlying criminal case, including the Superior Court Judge Anthony C. Epstein. As explained in the Court's previous Memorandum Opinion, the Plaintiff cannot pursue his false arrest claim unless and until his criminal conviction is vacated.

5/15/2012 Mem. Opin. at 6 (citing *Heck v. Humphrey*, 512 U.S. 477, 484-85 (1994)). Moreover, the Superior Court is not a "lower court" in relation to the United States District Court as the Plaintiff alleges. Pl.'s Mot. to Recons. at 3. Any challenge to Plaintiff's conviction must be filed in Superior Court as provided by D.C. Code § 23-110. *Corley v. U.S. Parole Comm'n*, 709 F. Supp. 2d 1, 5 (D.D.C. 2009). The Court does not have the authority to investigate Plaintiff's allegations or review Judge Epstein's rulings. Accordingly, Plaintiff's [25] Motion for Reconsideration and [27] Motion to Reopen Case are DENIED. An appropriate Order accompanies this Memorandum Opinion.

                                                  _____/s/_____
                                                  **COLLEEN KOLLAR-KOTELLY**
                                                  UNITED STATES DISTRICT JUDGE